## BETTCHER BROS. v. ORIGINAL SWELLS AID AND PLEASURE CLUB
### (IROQUOIS CLUB, Intervener and Third Opponent)

(November 16, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)

Frank William Hart, of New Orleans, attorney for plaintiff, appellee.

Warren V. Miller, of New Orleans, attorney for intervener, appellant.

HIGGINS, J. Plaintiff, as owner and lessor of the premises 207 North Claiborne avenue, sued the defendant for several months' rent, which was in arrears, and provisionally seized all of the movable property in the building. Defendant made no appearance and judgment by default was rendered in favor of plaintiff.

Thereafter the Iroquois Club filed a petition of intervention and third opposition claiming the ownership of certain furniture and effects which were seized, and alleging that it had originally occupied the premises as a lessee of the plaintiff and had paid the rent in full; that thereupon plaintiff leased the building to defendant; that it was then agreed between defendant and intervener that in consideration of defendant allowing the furniture and effects to remain in the premises, defendant could have the use thereof; that at the time the sheriff provisionally seized the furniture and effects there were no storage charges due to defendant, and, therefore, the lessor's lien of plaintiff did not legally affect the intervener's property.

There was judgment in favor of plaintiff and intervener has appealed.

The record shows that plaintiff is a commercial co-partnership composed of four brothers, who owned a two-story building which was leased from month to month to the Iroquois Club, which placed certain furniture and effects in the premises. After occupying the building for some time the Iroquois Club and plaintiff, by mutual consent, canceled the lease, the rent having been paid in full. At this time an officer of the Iroquois Club recommended defendant as a tenant and the property was rented to defendant under a month to month lease for $60 per month. The Iroquois Club then entered into an agreement with defendant that defendant could use the furniture and effects of intervener if defendant permitted them to remain in the building.

After occupying the building for some time defendant became indebted to plaintiff for more than four months' rent amounting to $249, and plaintiff, after amicable demand, instituted the present suit and seized all of the movable property in the building.

There is some evidence in the record introduced by plaintiff, tending to show that the Iroquois Club contemplated selling or sold the furniture and effects to defendant, but the preponderance of the evidence is in favor of the intervener that the movables were not sold but were simply left in the possession of defendant which kept them for the use thereof.

Article 2926 of the Civil Code reads as follows:

"Deposit Defined. A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind."

Article 2928 of the Civil Code reads:

"The object of a deposit must be properly some movable thing."

Article 2929 of the Civil Code provides:

"**Gratuitous.** The deposit is essentially gratuitous. If the person, with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring."

Article 2940 states:

"**Use of Thing Deposited.** The depositary can not make use of the thing deposited, without the express or implied permission of the depositor."

In the light of these articles of the Code, it is our opinion that the transaction between intervener and defendant was a deposit.

The question, therefore, is, under what circumstance shall the lessor's lien affect the property of a depositor.

Article 3260 of the Civil Code declares:

"**Lessor's Privilege vs. Depositor's Claim.** If among the movables with which the house or farm, or any other thing subject to the lessor's privilege, is provided, there should be some which were deposited by a third person in the hands of the lessor [lessee] or farmer, the lessor shall have a preference over the depositary [depositor] on the things deposited, for the payment of his rent, if there are no other movables subject to his privilege, or if they are not sufficient, unless it be proved that the lessor knew that the things deposited did not belong to his tenant or farmer. (As amended by Act 87 of 1871, p. 202.)"

In interpreting this article of the Civil Code, the Supreme Court in the case of Rose Mercantile & Mfg. Co. v. Stearns, 159 La. 958, at page 963, 106 So. 455, 458, said:

"Intervener also relies on article 3260 of the Civil Code. That article of the Code gives, by necessary implication, to one who deposits movables in the hands of a lessee,. a preference on the things deposited and found in the leased premises, superior to that of the lessor, provided it be proved that the lessor knew that the things deposited did not belong to his tenant."

Did plaintiff, the lessor in this case, know that the movables in question did not belong to his tenant but were left or deposited there by the Iroquois Club? Emile A. Bettcher, one of the partners of plaintiff partnership, testified as follows:

"Q. But you did know that this property did belong to the Iroquois Club?
"A. Yes, sir."

From this statement and the other testimony in the record we are convinced that plaintiff knew that the furniture in the leased premises was the property of the Iroquois Club.

In view of this circumstance and under the expressed provisions of article 3260 of the Civil Code as interpreted by the Supreme Court, the lessor's lien is not effective against the movable property of the intervener.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of intervener, the Iroquois Club, against plaintiff, Bettcher Bros., a commercial co-partnership composed of Emile Bettcher, Arthur Bettcher, Herman Bettcher, and Alfred Bettcher, and said individual partners, and Maurice Hartson, civil sheriff for the parish of Orleans, recognizing the Iroquois Club as the owner of the property described in the petition of intervention and third opposition, and dissolving the writ of provisional seizure in so far as it affects the same, and ordering and commanding Maurice Hartson, civil sheriff for the parish of Orleans, to return the said property to the Iroquois Club; all costs of court to be paid by plaintiff.