## ERDO REALTY, Inc., v. TERRY et al.*

### No. 16002.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1935.

Fred G. Veith, of New Orleans, for appellants.

F. C. Querens, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a landlord against a tenant for five months' rent at the rate of $32.50 per month, or $162.50. A writ of provisional seizure was sued out and the furniture and effects on the leased premises were seized.

Defendants admitted owing the rent, but averred that an agreement had been entered into with plaintiff whereby the arrears would be gradually paid, provided certain noxious odors emanating from a gas pipe located on the leased premises were eliminated, which plaintiff had failed to do, and they, therefore, declined to pay the rent. They also denied the ownership of the furniture seized by plaintiff which they averred belonged to Frederick G. Veith, their attorney.

There was judgment below in plaintiff's favor, as prayed for, and the defendants have appealed.

The evidence fails to establish the agreement relied on by defendants. There is some testimony to the effect that there was an odor of gas or oil on the premises due to the presence of a defective pipe which supplied fuel oil to a heater, but this pipe was repaired after complaint about it was made to the manager of the building. Moreover, defendants continued to occupy their offices during all of the time for which rent is claimed. It is difficult to understand how intolerable odors could emanate from a pipe which was only used to receive fuel for a furnace and did not constantly contain oil. The pipe, when repaired, ought to be odorless. In any event, the alleged agreement upon which this defense is based has not been proved.

As to the right of a landlord to seize the property of third persons found on the leased premises, the landlord's lien applies to all property found on the premises; not merely that of the lessee. Referring to the lessor's privilege, Civ. Code, art. 2707, provides that: "This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied."

The property seized was on the premises with the consent of the alleged owner, for he testified that he had loaned the furniture to the defendants; conse-

quently, the case of Bettcher Bros. v. Original Swells Aid and Pleasure Club, 18 La. App. 343, 137 So. 756, in which this court construed article 3260, Civ. Code, which exempts the property of a depositor from the landlord's lien when his property is deposited on the leased premises with the landlord's consent, has no application. Mr. Veith, the alleged owner of the furniture in the case at bar, has not intervened, and is not a party to this suit.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.